IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLAUDIA BARBER,

    Plaintiff,

v.                                       Civil Action No. 8:17CV1948
                                                                 (STAMP)
MONTGOMERY COUNTY GOVERNMENT
and BOARD OF EDUCATION FOR
MONTGOMERY COUNTY PUBLIC SCHOOLS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

I.   Background

This is a civil rights case arising out of an alleged violation of Title VII of the Civil Rights Act of 1964. The pro se[1] plaintiff, Claudia Barber, filed this civil action in the Circuit Court for Montgomery County, Maryland. The defendants, the Board of Education for Montgomery County Public Schools (the "Board of Education") and Montgomery County Government (the "County Government"), removed the case to the United States District Court for the District of Maryland, citing federal question jurisdiction pursuant to 28 U.S.C. § 1331. The plaintiff filed an amended complaint in the United States District Court, and the case was later reassigned to the undersigned judge. In her single-count amended complaint, the plaintiff alleges that she is a 57-year-old

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

African American female who applied for several positions as a substitute teacher and assistant general counsel for employment and labor law with the Board of Education. The plaintiff further alleges that she was overqualified for all of the positions but that she was not hired on the basis of her race, sex, age, and color, in violation of Title VII. The plaintiff has now filed a motion to remand,[2] which is fully briefed and ripe for decision. For the following reasons, the plaintiff's motion to remand is denied.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal

---

[2]The motion is titled "Plaintiff's Motion to Stay, Strike, Vacate, and/or Remand this Case to State Court," but this Court has construed the motion as a motion to remand.

2

court must remand.  Id.  State law complaints usually must stay in state court when they assert what appear to be state law claims. See Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004). Further, the court is limited to a consideration of facts on the record at the time of removal.  See Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007) (stating that in assessing whether removal was proper, the district court has before it only the limited universe of evidence available when the motion to remand is filed); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal.").

### III. Discussion

There is no dispute that federal question jurisdiction exists. The only issue is whether the case must be remanded on the basis of the defendants' delayed notice of removal to the state court and other alleged defects in the removal of this civil action.  The plaintiff first argues that the removal was not properly effected because, although the defendants filed their notice of removal in federal court on July 13, 2017, the state court did not receive written notice of the removal until December 13, 2017.[3]  The state

---

[3]The state court never actually received the written notice by mail, although the defendants state that, upon information and belief, the notice was mailed to the state court on the date of removal, July 13, 2017.  December 13, 2017 is the date the defendants filed their Defendants' Response in Opposition to

3

court case remained open until November 22, 2017, on which date the state court entered an order of dismissal after the parties did not appear at the status/pretrial hearing scheduled for November 21, 2017, in the state court. The state court docket (ECF No. 29-2) reveals that no significant action occurred in the state court case between July 13, 2017, and the order of dismissal.

After the November 22, 2017 state court order of dismissal, the plaintiff filed a motion to vacate the dismissal order. ECF No. 29-3. The defendants filed a response in opposition to the plaintiff's motion. ECF No. 40-1. In their response, the defendants attached the notice of removal and the correspondence that was intended to notify the state court of the removal. Although the state court had not previously received the written notice of removal, the correspondence was dated July 13, 2017. ECF No. 40-1 at 20. Upon reviewing the July 13, 2017 notice of removal attached to the defendants' response, the state court vacated its November 22, 2017 order of dismissal and marked the matter administratively closed as of July 13, 2017, for lack of jurisdiction pursuant to the removal. ECF No. 44-1.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through

---

Plaintiff's Motion to Vacate Dismissal and Request for Alternate Relief in the state court, to which they attached as Exhibit B the intended correspondence notifying the state court of the removal. ECF No. 40-1 at 20.

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal . . . ." 28 U.S.C. § 1446(d).

The United States District Court for the Western District of Missouri has found that "§ 1446 does not state that removal must be effected within 30 days; it states that the defendant must file a notice of removal <u>with the district court</u> within 30 days." <u>Bohanna v. Hartford Life & Acc. Ins. Co.</u>, 848 F. Supp. 2d 1009, 1013-1014 (W.D. Mo. 2012) (emphasis added). The <u>Bohanna</u> court further found that "[t]he only statutory time limit regarding filing notice with the state court is that it must be done <u>promptly</u> after the filing of the notice with the district court." <u>Id.</u> at 1014 (emphasis added).

In <u>Bohanna</u>, the plaintiff argued that the defendant's notice to the state court was not sufficiently prompt because 67 days elapsed between the filing of the notice in the federal court and the filing of the notice in the state court. <u>Id.</u> However, the court found that the defendant's delay in filing the notice with the state court did not warrant remand. <u>Id.</u> (citing <u>Delgado v.</u>

5

Bank of Am. Corp., No. 1:09CV1638, 2009 WL 4163525, at *8-9 (E.D. Cal. Nov. 23, 2009)). In reaching this conclusion, the court reasoned that "no significant action was taken in state court during the 67-day time period such that either party has been adversely affected by the delay." Id.

In the instant case, the period of delay between the filing of the notice in federal court and the filing of the notice in state court was 153 days. Although the period of delay in this case was longer than 67 days, this Court finds that the Bohanna court's reasoning still applies. During the 153-day delay, nothing of significance happened in the state court case besides the November 22, 2017 order of dismissal that was issued after no parties appeared at the scheduled November 21, 2017 status/pretrial hearing. ECF No. 29-2. Thus, this Court does not find that the plaintiff was prejudiced by the delay.

This Court further finds that the reasoning of the Delgado court also applies to the circumstances of this case. The Delgado court determined that a 56-day delay in filing the notice of removal with the state court did not warrant remand where the defendant failed to file the notice with the state court "through inadvertence or mistake." Delgado, 2009 WL 4163525 at *9. The Delgado court found that the defendants "remedied their error as soon as they learned of it and the purposes of § 1446 would not be

undermined by retaining jurisdiction as no state court proceedings were conducted." Id.

Similarly, in the instant case, it was through inadvertence or mistake that the notice to the state court, which was prepared on and dated July 13, 2017, was never received by the state court. It is clear that written notice was prepared on the date of removal because a copy of the letter to the Clerk of the Circuit Court for Montgomery County, dated July 13, 2017, was filed in this Court on July 13, 2017. ECF No. 4. This Court finds that the defendants in the present case also remedied their error when they became aware of the mistake and that no proceedings of significance occurred in the state court in the meantime. Accordingly, this Court finds that remand is not warranted.

The plaintiff further asserts that the defendants failed to file all process and pleadings with the notice of removal, in violation of Title 28, United States Code, Section 1446(a) and United States District Court for the District of Maryland Local Rule 103.5. Section 1446(a) provides:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Local Rule 103.5 provides:

> Any party effecting removal shall file with the notice true and legible copies of all process, pleadings, documents, and orders which have been served upon that party. Within thirty (30) days thereafter the party shall file true and legible copies of all other documents then on file in the state court, together with a certification from counsel that all filings in the state court action have been filed in the United States District Court. In cases subject to electronic filing, the copies shall be filed in accordance with the electronic filing procedures adopted by the Court.

The plaintiff contends that the defendants failed to file the plaintiff's discovery documents served on the defendants, the plaintiff's notice of right to sue, the plaintiff's charge of discrimination, a scheduling order, one of the writs of summons, the clerk's notice of new case number, the defendants' blank civil non-domestic case information report form, and the plaintiff's completed civil non-domestic case information report. ECF No. 46 at 6-7.

Along with the notice of removal (ECF No. 1), the defendants also filed the original complaint filed in state court (ECF No. 2), the June 15, 2017 state court summons to the County Government (ECF No. 3), and the written notice of removal addressed to the state court (ECF No. 4). Thus, the plaintiff is correct that the defendants did not file the other process and pleadings that she alleges were served on the defendants. However, this Court finds that "the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a

jurisdictional defect" and, thus, does not warrant remand. Cook v. Randolph County, Ga., 573 F.3d 1143, 1150 (11th Cir. 2009) (citing Covington v. Indemnity Ins. Co. of N. Am., 251 F.2d 930, 933 (5th Cir. 1958)).

The plaintiff also contends that the defendants violated Section 1446(a) and Local Rule 103.5 by failing to file with this Court the state court's notice of dismissal and order of dismissal. However, that contention is without merit because the defendants filed the state court's December 29, 2017 order with this Court on January 2, 2018. ECF No. 44-1. The December 29, 2017 state court order vacated the state court's November 22, 2017 order of dismissal and ordered that the matter be marked administratively closed as of July 13, 2017, for lack of jurisdiction pursuant to removal. The plaintiff had already filed with this Court the state court's November 22, 2017 order of dismissal and her motion to vacate the order of dismissal on November 28, 2017. ECF No. 29-1.

Additionally, the plaintiff argues that the Board of Education did not consent to the removal, which the plaintiff alleges is "another error and defect in Defendants' removal efforts." ECF No. 36-1 at 4. However, the two defendants share counsel in this matter, and their counsel signed the notice of removal on behalf of both defendants. ECF No. 1. Thus, the Court finds that the Board of Education did consent to the removal, and, accordingly, this argument by the plaintiff has no merit.

Lastly, in her reply, the plaintiff argues that the defendants have violated Federal Rule of Civil Procedure 11 in various ways. However, Rule 11 requires as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).

The United States District Court for the District of Maryland Local Rules also address motions for sanctions as follows:

> a) Not to be Filed as a Matter of Course
>
> The Court expects that motions for sanctions will not be filed as a matter of course. The Court will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions.
>
> b) Responses Required Only Upon Court Order
>
> Unless otherwise ordered by the Court, a party need not respond to any motion filed under Fed. R. Civ. P. 11 or 28 U.S.C. § 1927. The Court shall not grant any motion without requesting a response.

United States District Court for the District of Maryland Local Rule 105.8.

The United States Court of Appeals for the Fourth Circuit has found that "[i]t is clear from the language of [Rule 11] that it imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements precludes the imposition of the requested sanctions." Brickwood Contractors,

10

Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2004). "If a non-compliant motion nonetheless is filed with the court, the district court lacks authority to impose the requested sanctions." Id.

Here, the plaintiff has not complied with any of the procedural requirements of Rule 11(c)(2). First, the motion under Rule 11 is not separate from any other motion, but rather is included in the plaintiff's reply memorandum to her motion to remand.[4] The plaintiff also failed to serve the motion under Rule 11 on the defendants before filing it with the district court. Accordingly, this Court cannot consider the plaintiff's arguments under Rule 11 contained in her reply memorandum to her motion to remand.

IV. Conclusion

For the above reasons, the plaintiff's motion to remand (ECF No. 36) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se litigant Claudia Barber by certified mail and to counsel of record herein.

---

[4]This Court recognizes that the defendants have filed a separate motion for sanctions (ECF No. 27), which is still pending. The plaintiff filed a response in opposition to the defendants' motion for sanctions, and the plaintiff's response includes a cross-motion for sanctions. ECF No. 28. The Court will address that motion and response in a separate order at a later time.

DATED:      January 24, 2018

                                    <u>/s/ Frederick P. Stamp, Jr.</u>
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE