IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLAUDIA BARBER,

       Plaintiff,

v.                                                  Civil Action No. 8:17CV1948
                                                                  (STAMP)
MONTGOMERY COUNTY GOVERNMENT
and BOARD OF EDUCATION FOR
MONTGOMERY COUNTY PUBLIC SCHOOLS,

       Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT,**
**GRANTING PLAINTIFF'S MOTION TO FILE A SURREPLY,**
**GRANTING AS FRAMED DEFENDANTS' MOTION FOR SANCTIONS,**
**AND DENYING PLAINTIFF'S CROSS-MOTION FOR SANCTIONS**
**AND MOTION FOR SANCTIONS**

I.   Background

This is a civil rights case arising out of an alleged violation of Title VII of the Civil Rights Act of 1964. The pro se[1] plaintiff, Claudia Barber, filed this civil action in the Circuit Court for Montgomery County, Maryland. The defendants, the Board of Education for Montgomery County Public Schools (the "Board of Education") and Montgomery County Government (the "County Government"), removed the case to the United States District Court for the District of Maryland, citing federal question jurisdiction pursuant to 28 U.S.C. § 1331. The plaintiff filed an amended complaint in the United States District Court, and the case was

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

later reassigned to the undersigned judge. In her single-count amended complaint, the plaintiff alleges that she is a 57-year-old African American female who applied for several positions as a substitute teacher and assistant general counsel for employment and labor law with the Board of Education. The plaintiff further alleges that she was overqualified for all of the positions but that she was not hired on the basis of her race, sex, age, and color, in violation of Title VII. The plaintiff previously filed a motion to remand, which this Court denied by a prior memorandum opinion and order.

The defendants have now filed a motion to dismiss the amended complaint. The plaintiff filed a motion for leave to file her surreply to the motion dismiss. The defendants have also filed a motion for sanctions, to which the plaintiff responded with a cross-motion for sanctions. The plaintiff has also filed a separate motion for sanctions. The motions are fully briefed at this time and ripe for decision. For the following reasons, the Court grants the defendants' motion to dismiss the amended complaint, grants the plaintiff's motion to file her surreply to the motion to dismiss, grants as framed the defendants' motion for sanctions, and denies the plaintiff's cross-motion for sanctions and motion for sanctions.

## II. Applicable Law

A. Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and

essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

B. Motions for Sanctions

Federal Rule of Civil Procedure 11 provides in relevant part as follows:

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11 (emphasis added). "[T]he standard is the same for unrepresented parties, who are obliged themselves to sign the

4

pleadings . . . ." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment.

The United States Court of Appeals for the Fourth Circuit has stated as follows:

> The language of Rule 11 requires that an attorney conduct a reasonable investigation of the factual and legal basis for his claim before filing. See Cleveland Demolition Co. v. Azcon Scrap Corp., 827 F.2d 984, 987 (4th Cir. 1987). The prefiling investigation must appear objectively reasonable. In re Kuntsler, 914 F.2d 505, 514 (4th Cir. 1990), cert. denied, --- U.S. ----, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991). Inexperienced or incompetent attorneys are not held to a lesser standard under Rule 11. Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987).

Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991).

The Fourth Circuit went on to state that:

> [t]o be reasonable, the prefiling factual investigation must uncover some information to support the allegations in the complaint. A complaint containing allegations unsupported by any information obtained prior to filing violates the required prefiling factual investigation. In re Kuntsler, 914 F.2d at 516. That is, where there is no factual basis for a plaintiff's allegations, the complaint violates Rule 11's factual inquiry requirement. The prefiling investigation must also uncover some basis in law to support the claims in the complaint. A prefiling investigation of the law will not pass muster under Rule 11 where the complaint has "absolutely no chance of success under the existing precedent." Cleveland Demolition Co., 827 F.2d at 988.

Id.

Rule 11 includes a safe harbor provision which provides as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served

5

under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2).

Sanctions imposed pursuant to Rule 11 "'shall be limited to what is sufficient to deter repetition' of the objectionable conduct. Fed. R. Civ. P. 11(c)(2). This court has made 'clear that the primary . . . purpose of Rule 11 is to deter future litigation abuse.'" In re Sargent, 136 F.3d 349, 352 (4th Cir. 1998) (quoting In re Kunstler, 914 F.2d at 522. Furthermore,

> [a]lthough Rule 11 does not specify the sanction to be imposed for any particular violation of its provisions, the Advisory Committee Note to the Rule's 1993 amendments provides guidance with an illustrative list. A court may, for example, strike a document, admonish a lawyer, require the lawyer to undergo education, or refer an allegation to appropriate disciplinary authorities. Note, FRCP 11; see also Thornton v. Gen. Motors Corp., 136 F.3d 450, 455 (5th Cir. 1998) ("[W]hen a district court finds that a disciplinary sanction more severe than admonition, reprimand, or censure under Rule 11 is warranted, it should refer the matter to the appropriate disciplinary authorities.").

Hunter v. Earthgrans Co. Bakery, 281 F.3d 144, 150-51 (4th Cir. 2002).

> In awarding sanctions, a district court has the discretion to consider a broad range of factors. Even though an attorney has engaged in conduct which is otherwise sanctionable, "a district court should reflect upon equitable considerations in determining the amount of the sanction." Brown v. Federation of State Medical Bds., 830 F.2d 1429, 1439 (7th Cir. 1987). "[A] district court may, in its discretion, refuse to award attorney's

6

> fees even where it finds the existence of bad faith, if, in balancing the equities, it nevertheless determines that an award in a particular case would not serve the interests of justice." Perichak [v. Int'l Union of Elec. Radio & Mach. Workers, Local 601, AFL-CIO], 715 F.2d [78,] 80 [3d Cir. 1983]. In exercising this discretion, a district court may consider such factors as an attorney's experience and whether the attorney entered the case at an advanced stage. See Brown, 830 F.2d at 1439.

Blue v. U.S. Dep't of Army, 914 F.2d 525, 546 (4th Cir. 1990)

### III. Discussion

A. Motion to Dismiss

Even construing the pro se amended complaint liberally and in the light most favorable to the plaintiff, this Court finds that the plaintiff has failed to state a claim for which relief can be granted.[2] Specifically, this Court finds that, under McCleary-Evans v. Maryland Department of Transportation, State Highway Administration, 780 F.3d 582 (4th Cir. 2015), cert. denied, 136 S. Ct. 1162 (2016), the motion to dismiss must be granted on the basis that the amended complaint does not contain sufficient factual allegations.

---

[2] This Court notes that the pro se plaintiff is an attorney. The plaintiff does not attempt to hide that she is an attorney and states in her complaint that she sought employment as assistant general counsel for employment and labor law with the Board of Education. Thus, the standard for this pro se plaintiff's amended complaint is slightly higher than it is for non-attorney pro se plaintiffs. However, even if this pro se plaintiff was not an attorney, her amended complaint would still fail to state a claim under Twombly and Iqbal.

7

McCleary-Evans is a case in which the plaintiff, an African American female job applicant, brought a Title VII action against the defendant, a state agency employer. The McCleary-Evans plaintiff alleged that the defendant did not hire her for the two positions she applied for because of her race and gender. The United States Court of Appeals for the Fourth Circuit noted that the plaintiff "claimed in conclusory fashion that the decisionmakers were biased when making the decision" and "did not include any allegations regarding the qualifications or suitability of the persons hired to fill the two positions." McCleary-Evans, 780 F.3d at 584. In McCleary-Evans, the Fourth Circuit stated as follows:

> [The plaintiff's] complaint leaves open to speculation the cause for the defendant's decision to select someone other than her, and the cause that she asks us to infer (i.e., invidious discrimination) is not plausible in light of the "'obvious alternative explanation'" that the decisionmakers simply judged those hired to be more qualified and better suited for the positions. Iqbal, 556 U.S. at 682, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 567, 127 S. Ct. 1955). Indeed, the consequence of allowing [the plaintiff's] claim to proceed on her complaint as stated would be that any qualified member of a protected class who alleges nothing more than that she was denied a position or promotion in favor of someone outside her protected class would be able to survive a Rule 12(b)(6) motion. Such a result cannot be squared with the Supreme Court's command that a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678, 129 S.Ct. 1937.

Id. at 588.

Similarly, in this case, the plaintiff's only factual allegations are that the panel that conducted her interview

8

contained no African American members and that the position in the General Counsel's office either remains unfilled or was filled by an individual who is not African American. Even if proven, those allegations would not support a discrimination claim on the basis of sex, age, or color. Thus, like in McCleary-Evans, the plaintiff only claims in a "conclusory fashion" that the panel was biased in their decision not to hire her and "leaves open to speculation the cause for the defendant's decision to select someone other than her." Accordingly, the amended complaint fails under Twombly and cannot survive the motion to dismiss.

In response to the defendants' motion to dismiss, the plaintiff argues that she set forth a prima facie case as required in EEOC v. Sears Roebuck & Co., 243 F.3d 846 (4th Cir. 2001). Sears Roebuck & Co. is a case in which the EEOC brought a civil action against an employer alleging that the employer's failure to hire an applicant of Hispanic descent violated Title VII. However, that case preceded both McCleary-Evans and Iqbal, and thus is not the controlling precedent in this case. Additionally, Sears Roebuck & Co. is distinguishable from the present case because it was on appeal on a summary judgment decision, not on a ruling on a motion to dismiss.

The plaintiff also alleges in her amended complaint that "Defendants [sic] violated the Privileges and Immunities Clause of the US Constitution by refusing to employ people of color such as

9

Plaintiff." ECF No. 15 at 2. The defendants argue in their motion to dismiss that the Privileges and Immunities Clause in Article IV, § 2 of the United States Constitution is inapplicable in this context because the plaintiff is a resident of Maryland. Thus, even if there was a factual allegation of depriving non-residents of a protected privilege, the plaintiff would not have standing to assert the claim. This Court agrees with the defendants that the Privileges and Immunities Clause of Article IV is inapplicable because the plaintiff, as a resident of Maryland, does not have standing to assert such a claim. See United Bldg. and Constr. Trades Council of Camden County and Vicinity v. Mayor and Council of City of Camden, 465 U.S. 208, 217 (1984) ("[I]t is true that the disadvantaged New Jersey residents have no claim under the Privileges and Immunities Clause [for relief from a municipal ordinance passed by the City of Camden, New Jersey].").

In her response in opposition, the plaintiff argues that she meant to file a claim under the Privileges or Immunities Clause of the Fourteenth Amendment. However, the plaintiff never moved to amend the claim to assert a claim under the Privileges or Immunities Clause of the Fourteenth Amendment. And, even if she had, nowhere in the amended complaint does the plaintiff explain how her claim falls within Fourteenth Amendment Privileges or Immunities protections. See Paciulan v. George, 229 F.3d 1226, 1229 (9th Cir. 2000) ("The Supreme Court declines to delineate

those privileges and immunities with specificity in the <u>Slaughter-House Cases</u>, [83 U.S. 36 (1872),] but included within their ranks 'some which owe their existence to the Federal government, its National character, its Constitution, or its laws.' . . . The courts and legal commentators have interpreted the decision as rendering the Clause essentially nugatory."). Again, the plaintiff's only factual allegations are that no African American members sat on her interview panel and that the position in the General Counsel's office either remains unfilled or was filled by an individual who is not African American. These allegations are not sufficient to support any possible Fourteenth Amendment claim upon which relief could be granted.

In her response to the motion to dismiss, the plaintiff concedes that the County Government is not a proper defendant and should be dismissed from this civil action. This is because the Board of Education is an instrumentality of the state, not the County Government, and because the plaintiff failed to exhaust her administrative remedies against the County Government by failing to name it in her Equal Employment Opportunity Commission Charge of Discrimination. Thus, the motion to dismiss must be granted as to the County Government.

Lastly, this Court grants the plaintiff's motion to file a surreply to the motion to dismiss. Accordingly, this Court has reviewed and considered the plaintiff's surreply, but concludes

11

that it does not change the Court's above findings. The plaintiff's surreply in large part addresses the affidavits attached to the defendants' reply to their motion to dismiss. The Court notes that it has not considered those affidavits because doing so would convert the motion to dismiss to a motion for summary judgment.

B. <u>Motions for Sanctions</u>

The defendants filed a motion for sanctions in which they contend that the allegations in paragraphs 5, 6, 7, 8, and 16 of the plaintiff's amended complaint are false. Those paragraphs allege that the plaintiff's interview panel did not include any African Americans, that no African Americans are employed by the Office of General Counsel, and that the assistant general counsel position either remains open or was filled by a person of lesser or the same qualifications.

The defendants attached an affidavit to their motion for sanctions from Montgomery County Public Schools General Counsel Josh Civin. That affidavit states that the individual hired for the position was a Hispanic/Latino female who previously worked as an Assistant United States Attorney and who has prior experience practicing labor and employment law. The affidavit of Stephanie Proctor Williams, an Associate General Counsel in the Office of General Counsel, states that she is an African American female who

has been employed by the Board of Education since 2005 and participated in the plaintiff's interview.

The defendants' motion for sanctions represents that, before filing the motion with this Court, "Defendant's counsel sent correspondence to Plaintiff requesting that she withdraw certain false allegations contained in the Amended Complaint," in compliance with the safe harbor provision of Rule 11. ECF No. 27 at 3; Fed. R. Civ. P. 11(c)(2). The motion further indicates that the plaintiff responded to the correspondence, but did not retract the allegedly false allegations. The defendants request sanctions in the form of attorney's fees.

The plaintiff filed a response in opposition to the defendants' motion for sanctions in which she does not contradict the affidavits attached to the defendants' motion for sanctions. Rather than attempting to contradict the defendants' affidavits, the plaintiff reasserts arguments from her response to the defendants' motion to dismiss and argues that the defendants misrepresented to the Court the manner of service of their motion for sanctions. Specifically, the plaintiff argues that the defendants "falsely stated in their motion that they served Plaintiff by electronic mail the Motion for Sanctions." ECF No. 28 at 12. This Court agrees with the defendants that the certification clearly indicates that copies of the documents were served on the plaintiff by first class mail, that the plaintiff

does not deny receiving the mailed copies, and that the plaintiff does not allege any prejudice from the manner of service.

This Court concludes that the plaintiff's allegations in paragraphs 5, 6, 7, 8, and 16 of the amended complaint are false based on the affidavits attached to the defendants' motion for sanctions. The affidavits show that African American female attorneys are employed by the Office of General Counsel, that an African American female attorney was on the panel that interviewed the plaintiff, and that the assistant general counsel position has been filled by a suitably qualified person. This Court also finds that, after the defendants properly brought the false allegations to the plaintiff's attention, the plaintiff failed to withdraw the false allegations.

After considering a broad range of factors and equitable considerations in this case, this Court finds that it is appropriate to grant the defendants' motion for sanctions as framed. Specifically, this Court finds that it is appropriate to reprimand the plaintiff for her filings, but does not find that the defendants' requested sanction of an award of attorney's fees is appropriate. This Court finds that a reprimand is the best measured approach in this case in part because, while the plaintiff's pro se status is a factor, it does not entirely absolve the plaintiff of sanctions. See Blue, 914 F.2d at 546 ("In awarding sanctions, a district court has the discretion to consider

14

a broad range of sanctions."). Accordingly, this Court reprimands the plaintiff for failing to withdraw her false allegations after the defendants brought their falsity to her attention.

As part of her response to the defendants' motion for sanctions, the plaintiff also filed a cross-motion for sanctions. This Court finds that the plaintiff's cross-motion for sanctions must be denied because the plaintiff did not comply with the safe harbor requirement of Rule 11. Fed. R. Civ. P. 11(c)(2). The Rule 11(c)(2) safe harbor provision is intended to ensure "that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment.

"Although we have not held the safe harbor provision to be jurisdictional, we recently noted that many courts have decided that compliance with it is mandatory." Hunter, 281 F.3d at 152 (citing Rector v. Approved Fed. Sav. Bank, 265 F.3d 248, 251 (4th Cir. 2001); see also Francisco v. Verizon South, Inc., 272 F.R.D. 436, 441 (E.D. Va. 2011) ("There is no showing here that the parties attempted to confer regarding the request for sanctions. Accordingly, the Court having discretion whether to issue sanctions under Rule 11, declines to do so here."). Accordingly, the

15

plaintiff's cross-motion for sanctions is denied for failure to comply with Rule 11(c)(2).

The plaintiff later filed a separate motion for sanctions, which she asserts complies with the requirements of Rule 11(c)(2). The plaintiff filed the motion for sanctions with this Court on February 26, 2018, and states in the motion that, on January 30, 2018, she served "a draft motion to all defendants along with a cover letter explaining the necessary defects that need to be cured." ECF No. 49 at 2. The plaintiff argues that sanctions against the defendants in the form of attorney's fees are warranted because the defendants have failed to comply with the Case Management Order and failed to cure the alleged defects in the removal of this civil action. The plaintiff also argues that sanctions are warranted because the defendants failed to provide the plaintiff with a photograph of the African American member of the interview panel. The plaintiff further contends that the affidavits attached to the defendants' motion for sanctions are "perjured" and "self-serving." ECF No. 49 at 6.

This Court finds that the plaintiff's separate motion for sanctions must be denied on the merits. First, after this civil action was transferred to the undersigned judge, this Court entered an order amending the Case Management Order to no longer require a notice of intent to file a motion, noting that a telephonic conference is not necessary before a motion is filed. ECF No. 32.

Second, this Court already addressed the plaintiff's arguments regarding the defendants' allegedly improper removal in its Memorandum Opinion and Order Denying Plaintiff's Motion to Remand. In that memorandum opinion and order, this Court found "that 'the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect' and, thus, does not warrant remand. Cook v. Randolph County, Ga., 573 F.3d 1143, 1150 (11th Cir. 2009) (citing Covington v. Indemnity Ins. Co. of N. Am., 251 F.2d 930, 933 (5th Cir. 1958))." ECF No. 47 at 8-9. Just as this Court found that the procedural defect did not warrant remand, this Court also finds that it does not warrant sanctions against the defendants. See Blue, 914 F.2d at 546 (stating that the awarding of sanctions is in the discretion of the district court).

Third, this Court finds that the defendants were not required to produce a photograph of the African American member of the interview panel and that the defendants' affidavits were sufficient to prove that there was an African American person on the panel. Lastly, this Court finds that the plaintiff offers no affidavits of her own or any other evidence to support her conclusion that the defendants' affidavits are "perjured" and "self-serving." Accordingly, this Court must deny the plaintiff's separate motion for sanctions on its merits.

17

IV. Conclusion

For the reasons set forth above, the defendants' motion to dismiss the amended complaint (ECF No. 22) is GRANTED, the plaintiff's motion to file her surreply to the motion to dismiss (ECF No. 34) is GRANTED, the defendants' motion for sanctions (ECF No. 27) is GRANTED AS FRAMED, and the plaintiff's motion for cross-sanctions (ECF No. 28) and motion for sanctions (ECF No. 49) are DENIED.  Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.  The plaintiff may appeal the final judgment of this Court to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 8, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE